**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| TERRENCE T. MILLER-BEY<br>Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:25-CV-159-JEM |
| RON NEAL, *et al*.,<br>Defendants. | ) | |

**OPINION AND ORDER**

Terrence T. Miller-Bey, a prisoner without a lawyer, is proceeding in this case on six claims. First, he is proceeding "against Religious Director David Liebel and Chaplain Anne Walker in their individual capacities for compensatory and punitive damages for denying him a diet consistent with his sincere religious beliefs beginning in July 2023, in violation of the First Amendment[.]" ECF 9 at 15. Second, he is proceeding "against Warden Ron Neal in his official capacity for injunctive relief to obtain a diet that complies with his sincere religious beliefs to regularly consume halal meat from herbivorous animals and to eat food prepared only by Muslims, to the extent required by the First Amendment and RLUIPA[.]" *Id.* at 15-16. Third, he is proceeding "against Religious Director David Liebel in his individual capacity for compensatory and punitive damages for failing to provide celebratory meals in 2023 and 2024 for the Islamic holidays on par with those provided for Christian and other Islamic sects, in violation of the First Amendment[.]" *Id.* at 16. Fourth, he is proceeding "against Warden Ron Neal in his official capacity for injunctive relief to receive celebratory meals on par with those provided by adherents of other faiths, to the extent required by the First Amendment and RLUIPA[.]" *Id.* Fifth, he is proceeding "against Deputy Warden Dawn Buss, Religious Director David Liebel, and Chaplain

Anne Walker in their individual capacities for compensatory and punitive damages for discontinuing the MSTA Community's religious services beginning in November 2023, in violation of the First Amendment[.]" *Id.* And sixth, he is proceeding "against Warden Ron Neal in his official capacity to be permitted to participate in religious services for the MSTA Community, to the extent required by the First Amendment and RLUIPA[.]" *Id.*

The defendants filed a motion for summary judgment, arguing Miller-Bey did not exhaust his available administrative remedies before filing this lawsuit. ECF 18. Miller-Bey filed a response, and the defendants filed a reply. ECF 27, 28. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must

be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id*.

During all relevant times, an Offender Grievance Process was in place at Indiana State Prison (ISP) which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 19-1 at 2; ECF 19-2 at 3. Specifically, an inmate must submit a grievance to the grievance office within ten business days of the incident giving rise to the complaint. ECF 19-2 at 9. Once an inmate submits a grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id*. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the

Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* If the inmate does receive a response to his grievance and is unsatisfied with the response, he must submit a Level I appeal by completing the appropriate sections of State Form 45473, "Grievance Appeal," and submitting it to the Grievance Specialist within five business days of receiving the response. *Id.* at 12. If he is unsatisfied with the warden's response to his Level I appeal, he must submit a Level II appeal to the Department Grievance Manager. *Id.* at 13.

The defendants provide evidence that Miller-Bey submitted two grievances relevant to his claims in this lawsuit, but that he did not fully exhaust either grievance. ECF 19-1 at 6-8. First, on July 20, 2023, he submitted Grievance 157680, complaining he was being denied a halal diet. *Id.* at 6; ECF 19-4 at 2. On September 19, 2023, the Grievance Specialist responded to the grievance, concluding staff properly denied his diet request. ECF 19-1 at 6-7; ECF 19-4 at 1. Miller-Bey never submitted a Level I appeal to the warden, which was a necessary step to fully exhaust Grievance 157680. ECF 19-1 at 7; ECF 19-3; ECF 19-4 at 1.

Second, on November 21, 2023, Miller-Bey submitted Grievance 171913, complaining that his church was no longer being permitted to provide services at ISP. ECF 19-1 at 7; ECF 19-5 at 2. On March 21, 2024, the Grievance Specialist denied Grievance 171913, concluding there were valid reasons for discontinuing the church service. ECF 19-1 at 7-8; ECF 19-5 at 1. Miller-Bey submitted a Level I appeal, which was denied by the warden. ECF 19-1 at 8; ECF 19-6 at 1. Miller-Bey never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust the grievance. ECF 19-1 at 8; ECF 19-3; ECF 19-6 at 1. The Grievance

Specialist attests that, because Miller-Bey did not fully exhaust either of these two grievances and did not submit any other grievances relevant to his claims in this lawsuit, he did not exhaust his available administrative remedies before he filed this lawsuit. ECF 19-1 at 8-10.

In his response, Miller-Bey concedes he did not fully exhaust any relevant grievance. Instead, he argues his administrative remedies were unavailable because he submitted other relevant grievances to which the grievance office never responded. ECF 27-1 at 7. He cites to a "Request for Interview" form he submitted to his counselor on June 11, 2025, in which he informed his counselor that numerous grievances he submitted between March and May 2025 went unanswered. ECF 27-2 at 2.

Here, the relevant date for determining whether Miller-Bey exhausted his available administrative remedies is February 13, 2025 – the date he filed this lawsuit. *See* ECF 1 at 15; *Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). Any steps he took to exhaust his remedies after filing this lawsuit are not relevant to that inquiry and cannot cure a failure to exhaust before filing. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

As discussed, when an inmate receives neither a receipt nor a rejected form within ten business days of submitting a grievance, the Offender Grievance Process requires him to notify the Grievance Specialist of that fact. ECF 19-2 at 9. It is well established that this notice requirement is a necessary step to fully exhaust a grievance. *See Lockett*, 937 F.3d at 1027-28 (holding that an inmate who received no receipt for his grievance appeal failed to exhaust the available procedure for inquiring about its status); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. 2020) (granting summary judgment to the defendant because

the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance).

The record contains no evidence Miller-Bey exhausted the Offender Grievance Process' "notice requirement" before he filed this lawsuit. Rather, he only provides evidence that he submitted a "Request for Interview" form to his counselor in June 2025 – four months after he filed this lawsuit. Because both the June 11, 2025 "Request for Interview" form and the March through May 2025 grievances it describes postdate the filing of this lawsuit, they are not relevant to the exhaustion analysis. ECF 27-2 at 2. Thus, even assuming the "Request for Interview" form otherwise satisfied the notice requirement, it does not establish prefiling exhaustion.

Even apart from its timing, the June 11 "Request for Interview" form was submitted to Miller-Bey's counselor, not the Grievance Specialist. ECF 27-2 at 2; *see Winters v. Hendrix*, No. 3:23-CV-989-PPS-AZ, 2025 WL 603036, at *3 (N.D. Ind. Feb. 2025) (holding that complaints to the Unit Team Manager and Ombudsman did not satisfy the Offender Grievance Process' notice requirement). Neither that request nor any other evidence Miller-Bey identifies shows that he notified the Grievance Specialist about his unanswered grievances before he filed this lawsuit.

Accordingly, the undisputed evidence shows that Miller-Bey did not complete the grievance process for either of his two relevant grievances and did not exhaust the available notice requirement for any other unanswered relevant grievance before filing suit. His later efforts do not alter that conclusion. The defendants have therefore met their burden to establish that he failed to exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted, and this action will be dismissed without prejudice. *See Ford*, 362 F.3d at 401.

For these reasons, the Court:

(1) GRANTS the defendants' motion for summary judgment (ECF 18);

(2) DISMISSES this action WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Terrence T. Miller-Bey and to close this case.

SO ORDERED this 21st day of October, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record; Plaintiff, *pro se*